DYLAN J. STEVENS,          )
                                   )
        Plaintiff,         )
                                   )
v.                           )       CIVIL No:
                                   )
CLAY COUNTY SHERIFF'S DEPT, )
PAUL VESCOVO III,         )
In his Personal Capacity &     )
In his Official Capacity as Sherriff )
Of Clay County, Missouri     )
(Serve: 12 South Water Street   )
  Liberty, Missouri 64068)      )
                                   )
        Defendants,      )
                                   )
CLAY COUNTY PROSECUTING  )
ATTORNEY'S OFFICE,      )
DANIEL WHITE           )
In his Personal Capacity and    )
Official Capacity            )
as Prosecuting Attorney of     )
Clay County, Missouri        )
(Serve: 11 South Water Street   )
  Liberty, Missouri 64068)      )
                                   )
        Defendants,      )
                                   )
CLAY COUNTY CIRCUIT CLERK, )
THE SUCCESSOR TO RITA FULLER )
(DECEASED)           )
In his or her Official Capacity as  )
Circuit Clerk of Clay County, Missouri )
(Serve: 11 South Water Street   )
  Liberty, Missouri 64068)      )
                                   )
        Defendants,      )
                                   )

1

## COMPLAINT

Plaintiff brings this suit to seek compensation and redress for harms suffered after he wrongfully spent over 17 years mislabeled as a sex-offender, and was wrongfully incarcerated in 2017 and 2018 and prosecuted for failure to register as such due to the conduct from Clay County Sheriff's Dept., Paul Vescovo III, his employees, agents, representatives and assigns (Sheriff Defendants), Clay County Prosecuting Attorney's Office, Daniel White and his employees, agents, representatives and assigns (Prosecutor Defendants), and Clay County Circuit Clerk, Rita Fuller and her employees, agents, representatives and assigns (Clerk Defendants) and the ramifications and damages that were caused as a result of their actions in violation of 42 U.S.C. § 1983, the Fourth, Fifth, Eighth, and Fourteenth Amendments of The United States Constitution and for Missouri state common law claims.

## JURISDICTION AND VENUE

1. This is a case primarily arising under 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* and the Fourth Fifth, Eighth and Fourteenth Amendments to the United States Constitution. As such, Plaintiff has presented a federal question and the court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1367.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events and/or omissions giving rise to the claim occurred in this District.

## PARTIES

3. Plaintiff Dylan Stevens was at all times herein, a Missouri Resident and United States Citizen, entitled to enjoy all of the freedoms and liberties guaranteed under the United States Constitution and the Constitution of the State of Missouri and the laws of the State of Missouri and United States of America.

2

4. Defendant Clay County Sheriff's Department is a branch of a municipal and/or other local government unit for purposes of § 1983 responsible for among other things the investigation of crimes for referral to the Prosecuting Attorney's Office and administrative functions regarding collecting and transmitting sex offender data including but not limited to registering sex offenders and with maintaining a complete public list of the names, addresses, and crimes of all offenders registered in their respective counties, with providing a copy of the list to any person who requests one, and with forwarding the complete registration to the Missouri State Highway Patrol. The unit acts through its employees and agents, all of whom were acting within their scope of employment and/or agency and were at all times acting under color of state law as they were exercising power possessed by virtue of the Missouri state law and made possible only because they were clothed with the authority of state law as Clay County Sheriff's Department during the events described herein.

5. At all times herein, Defendant Paul Vescovo III was acting within the scope of his employment and within his official capacity as the Sheriff of Clay County, Missouri.

6. Defendant Clay County Prosecuting Attorney's Office is a branch of municipal and/or other local government unite for the purposes of § 1983 responsible for among other things the investigation of alleged criminal activity, investigation and administrative decisions regarding prosecution and administrative tasks regarding the handling and transmission of sex offender data. The unit acts through its employees and agents, all of whom were acting within the scope of their employment and/or agency and were at all times acting under color of state law as they were exercising power possessed by virtue of the state law and made possible only because they were clothed with the authority of state law as Prosecuting Attorneys.

3

7. At all times herein, Daniel White was acting within the scope and course of his employment and within his official capacity as the Prosecuting Attorney of Clay County, Missouri.

8. Defendant Clay County Circuit Clerk is a municipal and/or other local government unit for purposes of § 1983 responsible for among other things having administrative control over and being responsible for the safekeeping of the records of the 7th Circuit Court. The unit acts through its employees and agents, all of whom were acting within the scope of their employment and/or agency during the events described herein and were at all times acting under color of state law as they were exercising power possessed by virtue of the state law and made possible only because they were clothed with the authority of state law as Circuit Clerk of Clay County.

9. At all times herein, Rita Fuller who is now deceased was acting within the scope and employment and within her official capacity as the Circuit Clerk for Clay County, Missouri.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

10. Plaintiff Dylan Stevens, who is 37 years old has been wrongfully incarcerated, prosecuted and labeled as a child molester through the Missouri State Highway Patrol Sex Offender Registry and National Sex Offender Registry for nearly his entire adult life (over 17 years) and continued until September of 2019 to appear on these respective lists despite never committing, being convicted of, or pleading guilty to a registerable sex offense **(See Exhibit 1 – photograph of plaintiff Dylan Stevens as he appeared on the Missouri State Sex Offender Registry).**

11. As a result of the actions and/or omissions and Constitutional violations by the defendants which will be further described herein, plaintiff Dylan Stevens was damaged by suffering

4

wrongful prosecution, wrongful incarceration including 90 days of solitary confinement which were required to protect him from physical acts of violence and sexual assault, the embarrassment of being arrested in the company of other people for the charge of failure to register as a sex offender, the emotional distress associated with the general damage to his reputation over the course of approximately 17 years by being wrongfully labeled as a child molester causing others not to associate themselves with him, the loss of numerous job opportunities through the years, the loss of his ability to join organizations, vocations, or other activities near schools or children, the loss of the value of his property and other damages.

12. In the Spring of 2001, then 18 year-old Dylan Stevens was incarcerated in Clay County Detention Center for tampering related charges.

13. While he was in custody, plaintiff Dylan Stevens exchanged love letters, some of which contained sexual references, with his then high-school girlfriend who was 15 years old at the time. At no time did plaintiff Dylan Stevens harm or injure a child, or bring any unwanted sexual advance toward his high-school girlfriend or anyone else.

14. On the basis of those letters, on approximately September 24, 2001, Dylan Stevens was charged by the Prosecuting Attorney of Clay County, Missouri with Child Molestation in the Second Degree in 7CR101003882; at the time an alleged violation of § 566.068 RSMo for allegations that while he was 18 years old, he was involved in a consensual romantic relationship with his girlfriend who was 15.

15. The charges were actually amended to Assault in the Third Degree, a non-registerable non-sex offense.

16. Plaintiff Dylan Stevens has only completed up to a 9th grade education and although his reading ability has gotten somewhat stronger over time, he struggled to grasp basic concepts of court proceedings against him.

17. As a result of his lack of education plaintiff Dylan Stevens was a particularly vulnerable citizen, especially as it relates to the system of justice which purported to oppose him through the process of his criminal charges in 2001.

18. On approximately October 27, 2001, plaintiff Dylan Stevens pled guilty to Assault in the Third Degree, a non-registerable offense and was sentenced to 180 days in the Clay County Detention Center, execution of that sentence was suspended, and Stevens was placed on probation under the supervision of Northland Dependency Services for a term of two years with a term of probation to expire on October 29, 2003.

19. Plaintiff Dylan Stevens was discharged from probation on March, 02, 2004.

20. In approximately November of 2017 plaintiff Dylan Stevens was traveling in a vehicle with his new girlfriend when he was pulled over by law enforcement officers pursuant to a warrant sanctioned by Defendant Daniel White and the Prosecutor Defendants and executed by Defendant Paul Vescovo III and the Sheriff Defendants.

21. Upon learning of his identity, law enforcement officers arrested him, told his girlfriend who was with him that he was a sex offender and he was taken into custody at the Clay County Detention Center again where he spent approximately 3 days in custody and was physically assaulted and beaten by other inmates after they learned that he was charged as a sex offender.

22. Defendant Daniel White and the Prosecutor Defendants brought formal felony charges against plaintiff Dylan Stevens for Failure to Register as a Sex Offender and he was released from custody after approximately 3 days in custody.

23. Because he was not a sex offender, plaintiff Dylan Stevens did not register as a sex offender after being charged with his first felony for failing to register.

24. On or about January 31, 2018 plaintiff Dylan Stevens was arrested in open court pursuant to a warrant sanctioned by defendant Daniel White and the Prosecutor Defendants and executed by Paul Vescovo III and the Sheriff Defendants and he was taken into custody at the Clay County Detention Center again where he was placed into protective custody because of actual threats and the increased risk of physical harm and/or sexual assault or death from other inmates which stemmed from his wrongful charge of Failure to Register as a Sex Offender.

25. Plaintiff Dylan Stevens was released from jail in the Spring of 2018 after approximately 90 days of solitary confinement and was wrongfully charged by the Clay County Prosecutor's Office with a second felony Failure to Register as a Sex Offender under § 589.425 RSMo.

26. In the Spring of 2019 with the help of his appointed Missouri State Public Defender, plaintiff Dylan Stevens was able to discover and understand that he was being wrongfully charged by Defendant Daniel White Prosecutor Defendants and that he had been unjustly labelled a sex offender and required to register as such since October 29, 2001.

27. Due to numerous Constitutional violations by all defendants herein, plaintiff Dylan Stevens was unaware of wrongful sex offender registration requirements and did not comply with them, and thus picked up the two felony charges which were eventually dismissed by the Prosecuting Attorney in the Spring of 2019.

7

28. On or about on April 20, 2019 the Defendant Daniel White, Prosecuting Attorneys and his Assistant Prosecuting Attorneys agreed through court filings that the mistake occurred and the Prosecuting Attorney of Clay County consented to the withdrawal of plaintiff Dylan Stevens 2001 guilty plea to ensure that the record reflected that plaintiff Dylan Stevens had in-fact pled guilty to Assault in the Third Degree in 2001.

29. Despite a clear record describing the egregious constitutional violations by all defendants herein, plaintiff Dylan Stevens remained on State and National Sex Offender Registries labeled as a Child Molester.

30. On or about August 13, 2019, All Defendants herein were notified of their duty to take measures to immediately remove plaintiff Dylan Stevens from the Sex Offender Registries.

31. Each and every defendant herein were made personally aware of the injustice caused to plaintiff Dylan Stevens and made virtually no effort to correct their wrongs and have plaintiff Dylan Stevens Removed from the Registries.

32. Plaintiff Dylan J. Stevens was forced to rely on counsel to further investigate, communicate, incur expenses and reasonable attorneys' fees to have his name removed from the registry.

33. Due to the aforementioned efforts by counsel, Judge Krauser of Division 6 in Clay County, Missouri entered an "Amended Judgment" on September 24, 2019, ordering that plaintiff Dylan Stevens be relieved of any requirement to register as a sex offender and that he be taken off the Sex Offender Registry. **(See Exhibit 2).**

8

## COUNT I
## 42 U.S.C. § 1983 Wrongful Prosecution, Incarceration and Unjust Imprisonment And Wrongful and Unjust Labeling as a Child Molester

**Dylan J. Stevens v. Clay County Sheriff's Dept., Paul Vescovo III, Clay County Prosecutor's Office, Daniel White, Clay County Circuit Clerk, The Successor to Rita Fuller**

**A. Clay County Prosecuting Attorney's Office, Daniel White (Prosecutor Defendants).**

34. Plaintiff hereby incorporates all of the foregoing paragraphs and alleges as follows:

35. That in 2001 defendant Daniel White as the Prosecuting Attorney was within his official capacity responsible for the investigation and prosecution of Plaintiff for Assault in the Third Degree, a non-registerable offense and that it was his duty to ensure that no wrongful, charges or sentences were imposed due to his deliberate indifference or reckless method of prosecution.

36. That at all times herein, Daniel White was acting the color of state law as he was exercising power possessed by virtue of the state law and made possible only because he was clothed with the authority of state law as the prosecuting attorney.

37. That at all times herein including originally in 2001 and every date thereafter, Daniel White, his agents, employees, or representatives at the Clay County Prosecuting Attorney's Office were investigating Plaintiff pursuant to a policy or custom of the Office in that they had policies and customs in place which determine the method of investigation performed by the prosecuting attorney and assistant prosecuting attorneys, methods of determining what charges to bring and what decisions must be made by supervisors, policies and customs regarding whether the prosecuting attorney, its agents, officials or representatives would amend information which was originally charged as a registerable sex offense, policies and procedures and customs regarding how to offer pleas, enter pleas in representation of the

9

prosecuting attorney of Clay County, Missouri, policies procedures and customs regarding the reporting of registerable sex offenses to the Circuit Clerk of the county and/or the County Sheriff's Office, policies procedures and customs regarding the production of official documentation showing a valid conviction of a registerable sex offense which must then be reported to the County Sheriff's Office, the Circuit Clerk of the County and/or the Missouri State Highway Patrol.

38. That Daniel White was vested with final decision-making authority regarding each and every policy and custom employed at the Clay County Prosecuting Attorney's Office in 2001 and thereafter.

39. That each and every action complained of against Prosecutor Defendants were administrative or investigative in nature and thus Prosecutor Defendants may not claim prosecutorial immunity for their constitutional violations.

40. That at no time did Prosecutor Defendants obtain a valid conviction or plea to Child Molestation in the Second Degree against plaintiff Dylan Stevens.

41. That at no time did Prosecutor Defendants have the probable cause to charge Plaintiff with two felony counts of Failure to Register as a Sex Offender in 2017 and 2018 as Plaintiff had never committed or been convicted of a registerable sex offense.

42. That Prosecutor Defendants at all times mentioned herein acted with deliberate indifference and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm when in concert they deprived Plaintiff of his established right under the Fourth (4th) Amendment of the United States Constitution by contributing, causing the issuance of and/or actually prosecuting him for a crime by which he could not have conceivably been charged, namely, Child Molestation in the Second Degree, Failure to Register as a Sex offender and

10

thus caused Plaintiff to be unreasonably searched and seized, and for warrants to issue
without probable cause supported by Oath or affirmation.

43. That Prosecutor Defendants at all times mentioned herein acted with deliberate indifference
and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm
when in concert they deprived Plaintiff of his established right under the Fourteenth (14th)
Amendment of the United States Constitution by contributing, causing the issuance of and/or
actually prosecuting him for numerous crimes by which he could not have conceivably been
charged, namely, Child Molestation in the Second Degree and Failure to Register as a Sex
offender and thus deprived him of his life, liberty, and property without due process of law.

44. That Prosecutor Defendants at all times mentioned herein acted with deliberate indifference
and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm
when in concert they deprived Plaintiff of his established right under the Fifth (5th)
Amendment of the United States Constitution by contributing, causing the issuance of and/or
actually prosecuting him for a crime by which he could not have conceivably been charged,
namely, Child Molestation in the Second Degree, Failure to Register as a Sex offender and
thus held Plaintiff to answer for an infamous crime without presentment or indictment of a
Grand Jury and/or probable cause determination from a neutral magistrate and deprived him
of his life, liberty, and property without due process of law.

45. That Prosecutor Defendants at all times mentioned herein acted with deliberate indifference
and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm
when in concert they deprived Plaintiff of his established right under the Eighth (8th)
Amendment of the United States Constitution by contributing, causing the issuance of and/or
actually prosecuting him for a crime by which he could not have conceivably been charged,

namely, Child Molestation in the Second Degree, Failure to Register as a Sex offender and thus caused Plaintiff to incur cruel and unusual punishments including but not limited to solitary confinement in the County Detention Center for approximately 90 days, and causing him to live over 17 years of his life as a registered Child Molester.

46. That as a proximate and actual result of the actions and/or omissions and Constitutional violations by Prosecutor Defendants acting with deliberate indifference and/or reckless conduct, plaintiff Dylan Stevens was damaged by suffering wrongful prosecution, wrongful incarceration which required isolation to protect him from physical acts of violence and sexual assault, the embarrassment of being arrested in the company of his girlfriend for the charge of failure to register as a sex offender, the emotional distress associated with the general damage to his reputation over the course of 17 years by being wrongfully labeled as a child molester causing others not to associate themselves with him, the loss of numerous job opportunities through the years, the loss of his ability to join organizations, vocations, or other activities near schools or children, the loss of the value of his property and other damages.

**B.  Clay County Sheriff's Dept., and Paul Vescovo III (Sheriff Defendants).**

47. That Plaintiff hereby incorporates by reference all of the foregoing paragraphs and alleges as follows:

48. That at all times herein the Clay County Sheriff's Office and Sheriff of Clay County, Paul Vescovo III was the final decision or policy maker for the branch of local government who have the responsibility of investigating and reporting crimes to the prosecuting attorney, as well as collecting valid and sufficient information regarding the conviction of a registerable sex offense which it reports to the Missouri State Highway Patrol.

49. That the Sheriff Defendants had policies procedures and customs in place regarding the reporting of a validly convicted sex offender to the Missouri State Highway Patrol.

50. That the Missouri Sex Offender Registry is reserved only for those who have been convicted of, found guilty or plead guilty to committing or attempting to commit sexual offenses and thus requires much care to ensure that the information relayed is accurate and must include a copy of a valid conviction to a registerable sex offense as undeniable proof that an accused has committed a registerable offense beffore the Sheriff Defendants report someone as a sex offender to the Missouri State Highway Patrol.

51. That the Sheriff Defendants knew or should have known that only persons who have been convicted of, found guilty or plead guilty to committing or attempting to commit sexual offenses and thus requires much care to ensure that the information relayed is accurate and must include a copy of a valid conviction to a registerable sex offense as undeniable proof that an accused has committed a registerable offense before the Sheriff Defendants report someone as a sex offender to the Missouri State Highway Patrol.

52. That in 2001 Sheriff Defendants, pursuant to their policies and customs under their control reported Plaintiff to the Missouri State Highway Patrol as a Child Molester in the Second Degree without valid information or proof that he was convicted of that crime.

53. That as part of their policies and customs, Sheriff Defendants have had a continuous duty to ensure the information regarding registerable sex offenders in accurate and updated but instead wrongfully caused and allowed Plaintiff to spend over 17 years as a registered Child Molester on both the State and National Sex Offender Registry.

Case 4:19-cv-00831-HFS   Document 1   Filed 10/14/19   Page 13 of 29

54. That at all times herein, Sheriff Defendants were acting under the color of state law as they were exercising power possessed by virtue of the state law and made possible only because he was clothed with the authority of state law as the county sheriff.

55. That Sheriff Defendants acted with deliberate indifference and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm when in concert they deprived Plaintiff of his established right under the Fourth (4th) Amendment of the United States Constitution by contributing, causing the issuance of and/or actually prosecuting him for a crime by which he could not have conceivably been charged, namely, Child Molestation in the Second Degree, Failure to Register as a Sex offender and thus caused Plaintiff to be unreasonably searched and seized, and for warrants to issue without probable cause supported by Oath or affirmation.

56. That Sheriff Defendants acted with deliberate indifference and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm when in concert they deprived Plaintiff of his established right under the Fourteenth (14th) Amendment of the United States Constitution by contributing, causing the issuance of and/or actually prosecuting him for numerous crimes by which he could not have conceivably been charged, namely, Child Molestation in the Second Degree and Failure to Register as a Sex offender and thus deprived him of his life, liberty, and property without due process of law.

57. That Sheriff Defendants acted with deliberate indifference and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm when in concert they deprived Plaintiff of his established right under the Fifth (5th) Amendment of the United States Constitution by contributing, causing the issuance of and/or actually prosecuting him for a crime by which he could not have conceivably been charged, namely, Child Molestation

in the Second Degree, Failure to Register as a Sex offender and thus held Plaintiff to answer for an infamous crime without presentment or indictment of a Grand Jury and/or probable cause determination from a neutral magistrate and deprived him of his life, liberty, and property without due process of law.

58. That Sheriff Defendants acted with deliberate indifference and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm when in concert they deprived Plaintiff of his established right under the Eighth (8th) Amendment of the United States Constitution by contributing, causing the issuance of and/or actually prosecuting him for a crime by which he could not have conceivably been charged, namely, Child Molestation in the Second Degree, Failure to Register as a Sex offender and thus caused Plaintiff to incur cruel and unusual punishments including but not limited to solitary confinement in the County Detention Center for approximately 90 days, and causing him to live over 17 years of his life as a registered Child Molester.

59. That as a proximate and actual result of the actions and/or omissions and Constitutional violations by the Sheriff Defendants, their agents, representatives, public officers and assigns acting with deliberate indifference and/or reckless conduct, plaintiff Dylan Stevens was damaged by suffering wrongful prosecution, wrongful incarceration which required isolation to protect him from physical acts of violence and sexual assault, the embarrassment of being arrested in the company of his girlfriend for the charge of failure to register as a sex offender, the emotional distress associated with the general damage to his reputation over the course of 17 years by being wrongfully labeled as a child molester causing others not to associate themselves with him, the loss of numerous job opportunities through the years, the loss of his

ability to join organizations, vocations, or other activities near schools or children, the loss of the value of his property and other damages.

**C. Clay County Circuit Clerk, and Successor to Rita Fuller (Clerk Defendants)**

60. That plaintiff hereby incorporates by reference all of the foregoing paragraphs and alleges as follows:

61. That Clerk Defendants are vested with the administrative control over, and responsibility of the safekeeping of the records of the 7th Circuit Court with the exception of records in probate divisions and records in cases while they are pending in the municipal divisions.

62. That at all times herein Clerk defendants were held the aforementioned responsibilities relating to the allegations of this complaint and concerning Plaintiff and acted were vested with the final decision-making authority regarding its policies and procedures, especially in regard to the handling and transmission of sex offender information.

63. That in 2001 Rita Fuller was the Circuit Clerk of Clay County and that she is now deceased.

64. That in 2001 Rita Fuller failed to adequately maintain the records of Plaintiff and wrongfully transmitted inaccurate information to either the Clay County Sheriff's Department, and/or the Missouri State Highway Patrol regarding the status of Plaintiff as a registerable sex offender.

65. That That as part of their policies and customs, Clerk Defendants have had a continuous duty to ensure the information regarding registerable sex offenders in accurate and updated but instead wrongfully caused and allowed Plaintiff to spend over 17 years as a registered Child Molester on both the State and National Sex Offender Registry.

66. That at all times herein, Clerk Defendants were acting under the color of state law as they were exercising power possessed by virtue of the state law and made possible only because they were clothed with the authority of state law as the county clerk.

16

67. That at all times herein, Clerk Defendants were performing tasks which were administrative and not judicial in nature and are thus not entitled to judicial immunity.

68. That Clerk Defendants acted with deliberate indifference and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm when in concert they deprived Plaintiff of his established right under the Fourth (4th) Amendment of the United States Constitution by contributing, causing the issuance of and/or actually prosecuting him for a crime by which he could not have conceivably been charged, namely, Child Molestation in the Second Degree, Failure to Register as a Sex offender and thus caused Plaintiff to be unreasonably searched and seized, and for warrants to issue without probable cause supported by Oath or affirmation.

69. That Clerk Defendants acted with deliberate indifference and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm when in concert they deprived Plaintiff of his established right under the Fourteenth (14th) Amendment of the United States Constitution by contributing, causing the issuance of and/or actually prosecuting him for numerous crimes by which he could not have conceivably been charged, namely, Child Molestation in the Second Degree and Failure to Register as a Sex offender and thus deprived him of his life, liberty, and property without due process of law.

70. That Clerk Defendants acted with deliberate indifference and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm when in concert they deprived Plaintiff of his established right under the Fifth (5th) Amendment of the United States Constitution by contributing, causing the issuance of and/or actually prosecuting him for a crime by which he could not have conceivably been charged, namely, Child Molestation in the Second Degree, Failure to Register as a Sex offender and thus held Plaintiff to answer for

17

an infamous crime without presentment or indictment of a Grand Jury and/or probable cause determination from a neutral magistrate and deprived him of his life, liberty, and property without due process of law.

71. That Clerk Defendants acted with deliberate indifference and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm when in concert they deprived Plaintiff of his established right under the Eighth (8th) Amendment of the United States Constitution by contributing, causing the issuance of and/or actually prosecuting him for a crime by which he could not have conceivably been charged, namely, Child Molestation in the Second Degree, Failure to Register as a Sex offender and thus caused Plaintiff to incur cruel and unusual punishments including but not limited to solitary confinement in the County Detention Center for approximately 90 days, and causing him to live over 17 years of his life as a registered Child Molester.

72. That as a proximate and actual result of the actions and/or omissions and Constitutional violations by the Clerk Defendants, their agents, representatives, public officers and assigns acting with deliberate indifference and/or reckless conduct, plaintiff Dylan Stevens was damaged by suffering wrongful prosecution, wrongful incarceration which required isolation to protect him from physical acts of violence and sexual assault, the embarrassment of being arrested in the company of his girlfriend for the charge of failure to register as a sex offender, the emotional distress associated with the general damage to his reputation over the course of 17 years by being wrongfully labeled as a child molester causing others not to associate themselves with him, the loss of numerous job opportunities through the years, the loss of his ability to join organizations, vocations, or other activities near schools or children, the loss of the value of his property and other damages.

18

**WHEREFORE**, Plaintiff prays for judgment against Defendants Clay County Sheriff's Office, Paul Vescovo III in his official capacity, Clay County Prosecuting Attorney's Office, Daniel White in his official capacity, Clay County Circuit Clerk, and The Successor to Rita Fuller for actual and compensatory damages in an amount that is fair and reasonable, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief that the Court deems just and proper.

## COUNT II
### 42 U.S.C. § 1983 Failure to Intercede or Intervene

**Dylan J. Stevens v. Clay County Sheriff's Dept., Paul Vescovo III, Clay County Prosecutor's Office, Daniel White, Clay County Circuit Clerk, The Successor to Rita Fuller**

73. That Plaintiff hereby incorporates by reference all of the foregoing paragraphs and alleges as follows:

74. Each and every defendant named in this Count herein had a duty to intercede and intervene to correct past wrongs against Plaintiff which are vested in the carrying out of their policies, procedures and customs it had in place for among other things, the investigation of crimes charged against Plaintiff in 2001, the handling of information related to whether or not he would be required to register as a sex offender, the transmission of information related to registering Plaintiff as a sex offender, investigation, charging and prosecution of Plaintiff in 2017 and 2018 for crimes related to each and every defendant's failures to intercede and intervene to correct their mistake from 2001 and the continuing duty to continuously update information to reflect that Plaintiff is in-fact not a sex offender and was never convicted or plead guilty to a registerable sex-offense.

75. That each and every defendant named in this Count herein had numerous opportunities to correct its past wrongs against Plaintiff in this case.

76. That each and every defendant named in this Count herein was acting under the color of state law when performing their official or individual actions against Plaintiff when each and every defendant chose not to intercede and intervene and correct its past wrongs to ensure that Plaintiff was taken off of the registered sex offenders list.

77. That instead, each and every defendant named in this Count herein contributed to the prosecution of more crimes against Plaintiff causing him even further damages.

78. That each and every defendant named in this Count herein, its employees, agents, representatives, public officers and assigns acting with deliberate indifference and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm when in concert they failed to intervene and intercede to correct their past wrongs and therefore deprived Plaintiff of his established right under the Fourth (4th) Amendment of the United States Constitution by causing Plaintiff to be wrongfully labeled as a registered sex offender and also contributing, causing the issuance of and/or actually prosecuting him for a crime by which he could not have conceivably been charged, namely, Child Molestation in the Second Degree, Failure to Register as a Sex offender and thus caused Plaintiff to be unreasonably searched and seized, and for warrants to issue without probable cause supported by Oath or affirmation.

79. That each and every defendant named in this Count herein, its employees, agents, representatives, public officers and assigns acting with deliberate indifference and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm when in concert they failed to intervene and intercede to correct their past wrongs and therefore

20

deprived Plaintiff of his established right under the Fourteenth (14th) Amendment of the United States Constitution by causing Plaintiff to be wrongfully labeled as a registered sex offender contributing, causing the issuance of and/or actually prosecuting him for numerous crimes by which he could not have conceivably been charged, namely, Child Molestation in the Second Degree and Failure to Register as a Sex offender and thus deprived him of his life, liberty, and property without due process of law.

80. That each and every defendant named in this Count herein, its employees, agents, representatives, public officers and assigns acting with deliberate indifference and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm when in concert they failed to intervene and intercede to correct their past wrongs and therefore deprived Plaintiff of his established right under the Fifth (5th) Amendment of the United States Constitution by causing Plaintiff to be wrongfully labeled as a registered sex offender and contributing, causing the issuance of and/or actually prosecuting him for a crime by which he could not have conceivably been charged, namely, Child Molestation in the Second Degree, Failure to Register as a Sex offender and thus held Plaintiff to answer for an infamous crime without presentment or indictment of a Grand Jury and/or probable cause determination from a neutral magistrate and deprived him of his life, liberty, and property without due process of law.

81. That each and every defendant named in this Count herein, its employees, agents, representatives, public officers and assigns acting with deliberate indifference and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm when in concert they failed to intervene and intercede to correct their past wrongs and therefore deprived Plaintiff of his established right under the Eighth (8th) Amendment of the United

States Constitution by causing Plaintiff to be wrongfully labeled as a registered sex offender contributing, causing the issuance of and/or actually prosecuting him for a crime by which he could not have conceivably been charged, namely, *Child Molestation in the Second Degree, Failure to Register as a Sex offender* and thus caused Plaintiff to incur cruel and unusual punishments including but not limited to solitary confinement in the County Detention Center for approximately 90 days, and causing him to live over 17 years of his life as a registered Child Molester.

82. That as a proximate and actual result of the actions and/or omissions and Constitutional violations by each and every defendant named in this Count herein, their employees, agents, and representatives, public officers and assigns acting with deliberate indifference and/or reckless conduct, plaintiff Dylan Stevens was damaged by suffering wrongful prosecution, wrongful incarceration which required isolation to protect him from physical acts of violence and sexual assault, the embarrassment of being arrested in the company of his girlfriend for the charge of failure to register as a sex offender, the emotional distress associated with the general damage to his reputation over the course of 17 years by being wrongfully labeled as a child molester causing others not to associate themselves with him, the loss of numerous job opportunities through the years, the loss of his ability to join organizations, vocations, or other activities near schools or children, the loss of the value of his property and other damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants Clay County Sheriff's Office, Paul Vescovo III in his official capacity, Clay County Prosecuting Attorney's Office, Daniel White in his official capacity, Clay County Circuit Clerk, and The Successor to Rita Fuller for actual and compensatory damages in an amount that is fair and reasonable, all costs, expenses,

expert witness fees, and attorneys' fees incurred herein, for interest at the highest lawful rate, for an Order from this Court directing each and every defendant to take immediate action to remove plaintiff from all sex offender registries, and for such other relief that the Court deems just and proper.

**COUNT III**
**42 U.S.C. § 1983 Failure to Train**

**Dylan J. Stevens v. Clay County Sheriff's Dept., Paul Vescovo III, Clay County Prosecutor's Office, Daniel White, Clay County Circuit Clerk, The Successor to Rita Fuller**

83. That Plaintiff hereby incorporates by reference all of the foregoing paragraphs and alleges as follows:

84. That each and every defendant named in this Count herein used in its official capacity, employees, agents, representatives or assigns to carry out some or all of its tasks related to investigating and charging Plaintiff with crimes, and the handling and transmission of information regarding his status as a registerable sex offender.

85. That each and every defendant named in this Count herein failed to train its employees adequately in that the training programs each defendant offered to its employees, agents, representatives or assigns was inadequate in relation to the tasks the particular individual was required to perform.

86. That each and every defendant named in this Count herein in its official capacity was deliberately indifferent to the rights of Plaintiff in that they had many opportunities to see the injustices that were being caused through the handling of each and every of the alleged events.

87. That the inadequacy of the training program employed by each and every defendant named in this Count herein actually caused numerous constitutional deprivations to Plaintiff as among other things the Prosecutor Defendants wrongfully charged him in 2001, and/or wrongfully reported him as a registered sex offender to the Clerk Defendants and/or Sheriff Defendants who wrongfully reported the information to the Missouri State Highway Patrol, the Prosecutor Defendants then wrongfully investigated and prosecuted him again while at all times County Defendants failed to adequately train personnel to properly act and/or intercede to prevent the injustices.

88. That each and every defendant named in this Count herein was acting under color of State Law when it employed its training programs to its employees, agents, representatives or assigns and when in its official capacity each defendant took any action or made any omission complained of against Plaintiff.

89. That each and every defendant named in this Count herein, its employees, agents, representatives, public officers and assigns acting with deliberate indifference and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm when it failed to adequately train its employees agents, representatives and/or assigns and therefore deprived Plaintiff of his established right under the Fourth (4th) Amendment of the United States Constitution by causing Plaintiff to be wrongfully labeled as a registered sex offender and also contributing, causing the issuance of and/or actually prosecuting him for a crime by which he could not have conceivably been charged, namely, Child Molestation in the Second Degree, Failure to Register as a Sex offender and thus caused Plaintiff to be unreasonably searched and seized, and for warrants to issue without probable cause supported by Oath or affirmation.

90. That each and every defendant named in this Count herein, its employees, agents, representatives, public officers and assigns acting with deliberate indifference and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm when it failed to adequately train its employees agents, representatives and/or assigns and therefore deprived Plaintiff of his established right under the Fourteenth (14th) Amendment of the United States Constitution by causing Plaintiff to be wrongfully labeled as a registered sex offender contributing, causing the issuance of and/or actually prosecuting him for numerous crimes by which he could not have conceivably been charged, namely, Child Molestation in the Second Degree and Failure to Register as a Sex offender and thus deprived him of his life, liberty, and property without due process of law.

91. That each and every defendant named in this Count herein, its employees, agents, representatives, public officers and assigns acting with deliberate indifference and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm when it failed to adequately train its employees agents, representatives and/or assigns and therefore deprived Plaintiff of his established right under the Fifth (5th) Amendment of the United States Constitution by causing Plaintiff to be wrongfully labeled as a registered sex offender and contributing, causing the issuance of and/or actually prosecuting him for a crime by which he could not have conceivably been charged, namely, Child Molestation in the Second Degree, Failure to Register as a Sex offender and thus held Plaintiff to answer for an infamous crime without presentment or indictment of a Grand Jury and/or probable cause determination from a neutral magistrate and deprived him of his life, liberty, and property without due process of law.

92. That each and every defendant named in this Count herein, its employees, agents, representatives, public officers and assigns acting with deliberate indifference and/or their conduct was so reckless as to be considered tantamount to a desire to inflict harm when it failed to adequately train its employees agents, representatives and/or assigns and therefore deprived Plaintiff of his established right under the Eighth (8th) Amendment of the United States Constitution by causing Plaintiff to be wrongfully labeled as a registered sex offender contributing, causing the issuance of and/or actually prosecuting him for a crime by which he could not have conceivably been charged, namely, Child Molestation in the Second Degree, Failure to Register as a Sex offender and thus caused Plaintiff to incur cruel and unusual punishments including but not limited to solitary confinement in the County Detention Center for approximately 90 days, and causing him to live over 17 years of his life as a registered Child Molester.

93. That as a proximate and actual result of the actions and/or omissions and Constitutional violations by each and every defendant named in this Count herein, their employees, agents, and representatives, public officers and assigns acting with deliberate indifference and/or reckless conduct, plaintiff Dylan Stevens was damaged by suffering wrongful prosecution, wrongful incarceration which required isolation to protect him from physical acts of violence and sexual assault, the embarrassment of being arrested in the company of his girlfriend for the charge of failure to register as a sex offender, the emotional distress associated with the general damage to his reputation over the course of 17 years by being wrongfully labeled as a child molester causing others not to associate themselves with him, the loss of numerous job opportunities through the years, the loss of his ability to join organizations, vocations, or

other activities near schools or children, the loss of the value of his property and other damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants Clay County Sheriff's Office, Paul Vescovo III in his official capacity, Clay County Prosecuting Attorney's Office, Daniel White in his official capacity, Clay County Circuit Clerk, and The Successor to Rita Fuller for actual and compensatory damages in an amount that is fair and reasonable, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, for interest at the highest lawful rate, for an Order from this Court directing each and every defendant to take immediate action to remove plaintiff from all sex offender registries, and for such other relief that the Court deems just and proper.

## COUNT IV
## Malicious Prosecution

**Dylan J. Stevens v. Daniel White, Clay County Prosecuting Attorney's Office
(Prosecutor Defendants)**

94. That Plaintiff hereby incorporates by reference all of the foregoing paragraphs and alleges as follows:

95. That Prosecutor Defendants knew or should have known that Plaintiff was never or convicted or plead guilty of a registerable sex offense in 2001.

96. That the Prosecutor Defendant's burden of knowledge is so strong that it can hardly be denied that there is any excuse for them not to know that Plaintiff was never charged or convicted of a registerable sex offense in 2001 because they were the entity that was responsible for wrongfully charging him with child molestation in the first place and agreed to his guilty plea to Assault in the Third Degree – a non-registerable offense.

27

97. That in 2017 and 2018 Prosecutor Defendants engaged in the unjustifiable commencement of a prosecution against the plaintiff.

98. That Prosecutor Defendants instigated the proceedings against Plaintiff by charging him with Failure to Register as a Sex Offender twice.

99. That in the Spring of 2019 each proceeding for Failure to Register as a Sex Offender was terminated in favor of the Plaintiff as each charge was dismissed.

100. That Prosecutor Defendants were without probable cause for the prosecution of each Failure to Register as a Sex Offender charge and could not have fathomably been determined to have had probable cause as Plaintiff had never committed, been found guilty or plead guilty to a registerable sex offense.

101. That the Prosecutor Defendants' conduct was actuated by malice in that their behavior was so reckless or wantonly and willfully in disregard of one's rights that a trier of fact as to shock the conscience and show bad faith.

102. That That as a result of the actions and/or omissions and Constitutional violations by each and every defendant named in this Count herein, their employees, agents, and representatives, public officers and assigns acting with deliberate indifference and/or reckless conduct, plaintiff Dylan Stevens was damaged by suffering wrongful prosecution, wrongful incarceration which required isolation to protect him from physical acts of violence and sexual assault, the embarrassment of being arrested in the company of his girlfriend for the charge of failure to register as a sex offender, the emotional distress associated with the general damage to his reputation over the course of 17 years by being wrongfully labeled as a child molester causing others not to associate themselves with him, the loss of numerous job opportunities through the years, the loss of his ability to join organizations, vocations, or

other activities near schools or children, the loss of the value of his property and other damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants Clay County Prosecuting Attorney's Office, and Daniel White in his official capacity for actual and compensatory damages in an amount that is fair and reasonable, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, for interest at the highest lawful rate and for such other relief that the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial on all allegations contained in this Complaint that are triable by a jury.

Respectfully Submitted,

*/s/ Ryan J. Krupp*
Ryan J. Krupp, #71045, attorney for Plaintiff
Krupp Law Firm, LLC
12813 Flushing Meadows Dr. Ste. 150
St. Louis, MO 63131
Ph: (314) 835-9999
Fax: (314) 218-3530
E-Mail: ryan.krupp@krupplawfirm.com
            james.krupp@krupplawfirm.com